IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 20-73-CJW-MAR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JARED DAILY, | ) | GOVERNMENT'S RESISTANCE |
| | ) | TO DEFENDANT'S MOTION FOR |
| Defendant. | ) | REVIEW OF DETENTION ORDER |

The government resists defendant's motion for review of the detention order and in support of this resistance states as follows:

1.     On September 1, 2020, defendant was indicted for distribution of child pornography (Count 1), receipt of child pornography (Count 2), and accessing with intent to view child pornography, including a depiction involving a prepubescent minor or a minor who had not attained 12 years of age (Count 3).   (Docket No. 2). The government moved for detention, and on September 9, 2020, the magistrate court ordered defendant to be released on conditions.   (Docket No. 17-18).   On January 11, 2020, pursuant to a plea agreement, defendant entered a guilty plea to Count 3, which charged him with accessing with intent to view child pornography, including a depiction involving a prepubescent minor or a minor who had not attained 12 years of age, under 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Docket No. 27, 29, 32).   At the plea hearing, defendant argued that he should remain on release pending sentencing.   (Docket No. 32 (transcript) at 24-28).   The magistrate court ordered defendant to be detained pending sentencing.   (*Id.* at 27-28).

1

2.      The mandatory detention provision in 18 U.S.C. § 3143(a)(2) applies to defendant's charge of accessing with intent to view child pornography.   *See* 18 U.S.C. § 3143(a)(2) (mandatory detention provision applies to offenses described in 18 U.S.C. § 3142(f)(1)(A)); 18 U.S.C. § 3142(f)(1)(A) (offenses listed include "crime[s] of violence"); 18 U.S.C. § 3156(a)(4)(C) (felonies under Chapter 110 qualify as crimes of violence for detention purposes).   However, under 18 U.S.C. § 3145(c), a defendant subject to detention under § 3143(a)(2) may be released if the court makes two findings.   First, the court must find by clear and convincing evidence "that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ."   18 U.S.C. § 3143(a)(1) (cited in 18 U.S.C. § 3145(c)).   Second, it must be "clearly shown that there are exceptional reasons why such person's detention would not be appropriate."   18 U.S.C. § 3145(c).

3.      Defendant argues that his status as a former law enforcement officer and the danger that status might cause constituted an exceptional reason for his release under 18 U.S.C. § 3145(c).   (Docket No. 30 at 1-2).   At the plea hearing, defendant made the same argument.   (Docket No. 32 at 28).   Defendant also argued that he had no issues on release, that he had obtained employment, that he had a limited criminal history, and that he had a concern about the coronavirus at the Linn County Jail.   (*Id.* at 25).

4.      On December 3, 2020, the probation office reported that, on November 17 and November 19, 2020, defendant was not in compliance with the special condition of supervised release regarding his location monitoring.   (Docket No. 22).

The probation office and the government recommended no further action, and the magistrate court ordered no further action. (*Id.*).

5. In his plea agreement, defendant admitted that he accessed child pornography using one or more cell phones, Kik Messenger, and Snapchat. (Docket No. 29 at 4). He used Kik Messenger to distribute at least three videos and three images of child pornography. (*Id.*). He used his Samsung Galaxy Note 10 cell phone to view at least two videos of child pornography. (*Id.*). Defendant's child pornography included depictions of adult males penetrating prepubescent children and depictions of infants. (*Id.*).

6. The magistrate court correctly found that defendant's arguments at the plea hearing did not constitute exceptional reasons under 18 U.S.C. § 3145(c), and Eighth Circuit case law supports the court's ruling. The Eighth Circuit has held that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (quoting *United States v. Larue*, 478 F.3d 924, 926 (8th Cir. 2007)). In several child sexual exploitation cases, the Eighth Circuit has reversed district court decisions not to detain defendants pending sentencing or execution of sentence, holding that the reasons these courts gave were not "exceptional." *See United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) (reversing district court order allowing defendant to remain free pending sentencing and finding that defendant's compliance with pretrial release terms was not an exceptional reason); *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (reversing district court order allowing defendant to self-surrender after sentencing and finding that defendant's treatment for

depression and risk of suffering violence in jail were not exceptional reasons); *Little*, 485 F.3d at 1210-11 (reversing district court order allowing defendant to self-surrender after sentencing and finding that conduct of law enforcement officers in arresting defendant, defendant's cooperation, defendant's compliance with pretrial release conditions, and defendant's timely appearance at court proceedings were not exceptional reasons); *Larue*, 478 F.3d at 925-26 (reversing district court order allowing defendant to remain free pending sentencing and finding that defendant's compliance with pretrial release terms, his lack of a criminal record, his payment of child support, his ongoing employment, his taking of mental health medication, and his risk of suffering violence in jail did not constitute exceptional reasons); *United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013) (unpublished) (reversing district court order allowing defendant to remain free pending sentencing and finding that defendant's prior military service in Iraq and Afghanistan was not an exceptional reason).

7.     Defendant's motion should be denied because he has not shown exceptional reasons under 18 U.S.C. § 3145(c).

Based on the above reasons, the government respectfully requests that the Court deny defendant's motion for review of the detention order.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa   52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on January 22, 2021.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO:   John Bishop